**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 21-1803**

―――――――――

GREGORY A. E. WALKER,

        Plaintiff − Appellant,

    v.

SHARON D. HILL,

        Defendant – Appellee,

    and

DANKOS, GORDON & TUCKER, P.C.; LYNN M. TUCKER,

        Defendants.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:20−cv−00149−MHL)

―――――――――

Submitted:  October 19, 2022             Decided:  January 9, 2023

―――――――――

Before DIAZ, THACKER, and QUATTLEBAUM, Circuit Judges.

―――――――――

Vacated and remanded by unpublished opinion.  Judge Diaz wrote the opinion, in which Judge Thacker and Judge Quattlebaum joined.

―――――――――

**ON BRIEF:**  Henry W. McLaughlin, III, LAW OFFICE OF HENRY MCLAUGHLIN, P.C., Richmond, Virginia, for Appellant.  Michele A. Mulligan, GOLIGHTLY,

MULLIGAN & MORGAN, PLC, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Circuit Judge:

In this case of a real-estate transaction gone south, Gregory Walker challenges the district court's grant of a motion to dismiss in favor of Sharon Hill. The district court held that Walker failed to adequately plead reasonable reliance, as required to state a fraud claim under Virginia law. We disagree and reject Hill's invitation to affirm on the alternate ground that the complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). So we vacate the district court's judgment and remand.

## I.

## A.

For this appeal, we accept as true the facts alleged in Walker's Second Amended Complaint.

In early 2019, Walker borrowed $350,000 from Hill to buy a home. A purchase money note memorialized the loan agreement, and a deed of trust secured the note. Walker signed both documents at the March 2019 closing.

At the closing, Hill was represented by Dankos, Gordon & Tucker, P.C. Along with the purchase money note and deed of trust, Hill's lawyers presented Walker with a third document containing only these two paragraphs:

> This conveyance is made subject to the deed of trust and the parties agree that the lien of the deed of trust shall not be destroyed by merger of the ownership of the lien and the underlying fee simple estate unless and until a release to that effect is recorded in the aforesaid Clerk's Office.

3

> This conveyance is further made subject to any and all covenants, conditions, easements, agreements and restrictions of record insofar as they may lawfully apply to the property hereby conveyed.

Dist. Ct. Dkt. No. 2-3, at 3. The document had a signature line and a field to notarize the "foregoing instrument." *Id.* It had no page numbers or other indications that it was part of another document. Walker's complaint refers to the document as the "second page," a label we borrow. *E.g.*, J.A. 11 ¶ 24.

Based on the "words and course of action" taken by Hill or her agents at the closing, Walker believed he was signing documents (including the second page) that related to "a normal conventional mortgage loan." J.A. 11–12 ¶¶ 26–28. On that basis, Walker signed the second page and Mark A. Dankos notarized it. But as it turned out, the second page was neither normal nor conventional.

Walker alleges that after the closing, Hill's agents added a "first page" to the two-paragraph second page he signed. J.A. 11 ¶ 23, 12 ¶ 28. The combined document appeared to be a deed in lieu of foreclosure, executed by Walker. The first page states that the loan is in default and that Walker grants and conveys the property to Hill in consideration for cancellation of the remaining debt. And it allows for the immediate transfer of the property to Hill without judicial foreclosure proceedings.

According to Walker, Hill executed a three-step fraudulent plan. First, Hill intentionally withheld the first page at the closing, smuggling the second page in a trojan horse of conventional mortgage documents. Second, her agents added the first page to make it appear that Walker had signed a deed in lieu of foreclosure. Third, Hill sought to

4

use the combined document to deprive Walker of the protections provided by the deed of trust and Virginia law.

Between December 2019 and March 2020, Hill and her lawyers sent Walker three letters, informing him that the loan was in default[1] and that Hill would pursue various remedies if the debt wasn't paid. One of those letters, titled "Notice of Default" and sent by Hill's lawyers, stated that if the default was not cured, Hill would exercise her "right to record the Deed in Lieu of Foreclosure." Dist. Ct. Dkt. No. 2-4, at 3. Walker alleges that Hill personally sent a similar letter threatening to record the deed, though that letter isn't in the record.[2]

Hill's threats to record the apparent deed in lieu of foreclosure caused Walker to worry that he would immediately lose his home. Alarmed, he took time off work and retained a lawyer, incurring legal fees and travel expenses. He also suffered severe emotional distress.

---

[1] The complaint doesn't allege facts about Walker's payment history, but the letters show the default occurred in October 2019. Walker doesn't dispute that the loan was in default.

[2] Walker didn't attach exhibits to the operative Second Amended Complaint, but he references those attached to the First Amended Complaint: the purchase money note, deed of trust, deed in lieu of foreclosure, and letters from February and March 2020. The district court considered the exhibits in the interest of judicial efficiency and because the defendants also referred to them. *See Walker v. Hill*, No. 3:20cv149, 2021 WL 1062238, at *2 n.7 (E.D. Va. Mar. 19, 2021). We do the same.

B.

Walker sued Hill and her lawyers, amending his complaint twice. His operative Second Amended Complaint sought compensatory damages, punitive damages, and attorney's fees under federal statutes and Virginia common law. The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

The district court dismissed all four counts against Hill, and one of the two counts against Hill's lawyers.[3]

Walker appealed only the dismissal of Count II, his Virginia common-law fraud claim against Hill. On that count, the district court acknowledged that Walker had plausibly alleged "five of the six" elements of fraud under Virginia law. *Walker*, 2021 WL 1062238, at *8. But the court found Walker's claim faltered on the remaining element, reasonable reliance, because he didn't "plausibly allege that he reasonably and justifiably relied, through any inquiry of his own, on any representation made by Hill." *Id.* at *7.

The district court explained that the complaint didn't "allege any facts as to the circumstances surrounding [Walker's] signature on the Deed in Lieu of Foreclosure except that 'Hill, through agency, caused [Walker] to sign papers as a condition to making the loan.'" *Id.* at *8. Nor, according to the district court, did Walker "plausibly describe—if at all speak to—how Hill characterized the document or any inquiries of his own as to the nature of the page he signed." *Id.* Finally, the court held that Walker didn't allege any

---

[3] Walker and Hill's lawyers later settled the remaining count and stipulated to dismissal of all claims between them.

6

facts showing that Hill diverted Walker from making a reasonable and prudent inquiry into the alleged misrepresentations.

This appeal followed.

## II.

We review a district court's dismissal under Rule 12(b)(6) de novo. *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 151 (4th Cir. 2020). The complaint must contain sufficient factual allegations to state a claim that's plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And where, as here, the complaint alleges fraud, we apply the added pleading requirements of Federal Rule of Civil Procedure 9(b). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783–84 & n.5 (4th Cir. 1999).

We assume the truth of the facts alleged in the complaint, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor. *Morgan v. Caliber Home Loans, Inc.*, 26 F.4th 643, 648 (4th Cir. 2022).

The issues before us are whether Walker plausibly alleged reasonable reliance on Hill's purported misrepresentations and whether we should affirm on the alternative ground that the complaint fails to satisfy Rule 9(b). We consider each in turn.

## A.

First, we conclude the district court erred in holding the complaint didn't plausibly allege that Walker reasonably relied on Hill's alleged misrepresentations.

To plead fraud under Virginia law, a plaintiff must plausibly allege "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent

7

to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Fessler*, 959 F.3d at 153 (cleaned up). This appeal involves the reliance element, which requires a plaintiff to show that his "reliance upon the representation was reasonable and justified." *Id.* (cleaned up).

"The touchstone of reasonableness is prudent investigation." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 629 (4th Cir. 1999). When the plaintiff has notice of facts which would lead an ordinarily prudent person to investigate, and a reasonable inquiry would have revealed the misrepresentation, the plaintiff who fails to so investigate can't claim to have reasonably relied on the misrepresentation. *Id.* But when one party "throws the other off guard or diverts him from making the reasonable inquiries which usually would be made, . . . Virginia law will forgive an incomplete investigation." *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 828 (4th Cir. 1999).

The district court held that Walker didn't plausibly allege reasonable reliance because the complaint didn't describe how Hill characterized the second page or allege that "Walker made any inquiry, much less a 'reasonable and justified' one, into the nature of" the second page before he signed it. *Walker*, 2021 WL 1062238, at *8. Walker argues that it was improper for the district court to hold that a prudent investigation would have revealed the misrepresentation. He contends that a reasonable investigation wouldn't have revealed that the second page wasn't a conventional mortgage-loan document but a document that would later be used—with the added first page—to misrepresent that Walker had executed a deed in lieu of foreclosure.

8

We agree.  Read in the light most favorable to Walker, the complaint alleges two misrepresentations.  The first occurred at the closing, when Hill, personally or through her agents, represented that the second page was a document for a conventional mortgage loan.  The second occurred when Hill and her agents added the first page and sent letters representing that Walker had signed a deed in lieu of foreclosure.

We're satisfied that the complaint raises a fact question of whether Walker's reliance on the first misrepresentation was reasonable.  *See Fessler*, 959 F.3d at 154.  But if we had any doubt, we would conclude that Walker adequately pleaded a claim for fraud based on the second misrepresentation.

1.

We disagree with the district court that Walker failed to describe how Hill characterized the second page.  Walker alleges that at the closing, Hill, "personally or by agency,"[4] represented "by words and course of action" "that he was entering into a normal conventional loan," with "normal terms."  J.A. 11 ¶ 27.  He alleges that the purchase money note and the deed of trust aligned with a conventional mortgage loan, and he provided those documents as exhibits.  And he alleges that he signed the second page based on the representation that it was a document "for a normal conventional mortgage loan."  J.A. 12 ¶ 28.

---

[4] Elsewhere, Walker alleges that "Hill, through Dankos Gordon," caused Walker to sign the second page.  J.A. 10 ¶ 13.  A reasonable inference is that references to agency in the complaint are to employees of Dankos, Gordon & Tucker, P.C.

True, the complaint doesn't allege Walker conducted any independent investigation of the second page before he signed it. But under the circumstances, we don't think that's fatal to Walker's claim. That's because reasonable reliance is typically "reserved for the trier of fact to determine," and Walker's reliance wasn't unreasonable as a matter of law. *Fessler*, 959 F.3d at 154. Rather, the complaint and accompanying exhibits create a fact issue as to whether an ordinarily prudent person would be on notice of the need to investigate the second page.

The second page is odd but wouldn't necessarily appear out of place in the conventional mortgage documents Walker signed at the closing. It doesn't begin partway through a sentence or paragraph and lacks page numbers, so it isn't obviously part of a larger document. It has no title, and while the notarization states that it's an "instrument," the type of instrument isn't clear. Dist. Ct. Dkt. No. 2-3, at 3.

It's possible that through the references to "a conveyance" and the "merger of the ownership of the lien and the underlying fee simple estate," Walker could have puzzled out that the document reflected a conveyance to Hill, the owner of the lien. *See id.* But Walker might also have reasonably believed the second page related to the conveyance he did make—the deed of trust—particularly since it was presented to him at the same time as that document. We think the allegations are enough to at least place the reasonableness of Walker's reliance at issue, creating a fact question. *See Fessler*, 959 F.3d at 154.

This case is distinguishable from those where courts have found reliance to be unreasonable as a matter of law. For example, in *Xia Bi v. McAuliffe*, we found the plaintiffs' reliance on parol statements was unreasonable where the controlling contract

10

contradicted them, and the defendant didn't prevent the plaintiffs from reading the contract. *See* 927 F.3d 177, 186–87 (4th Cir. 2019). And in an unpublished decision, the Supreme Court of Virginia affirmed the demurrer-dismissal of a fraud claim where the plaintiff alleged the defendants fraudulently misrepresented that he was transferring his real estate to a trust but then signed documents that he knew weren't a trust agreement. *Wilson v. Lee*, No. 170347, 2018 WL 1633522, at *4 (Va. Apr. 5, 2018). In both cases, the plaintiffs had access to and executed documents that plainly contradicted the defendants' alleged misrepresentations. But as discussed above, Walker might have reasonably believed the second page was a conventional mortgage loan document when he signed it.

This would be a different case if Walker had alleged that he'd been given the first page of the deed in lieu of foreclosure when he signed the second page. The first page is specifically labeled a deed in lieu of foreclosure, states that the loan is in default, and states that Walker grants and conveys the property to Hill. Those facts would be like *Xia Bi*, where we imputed knowledge of the unread pages to the plaintiffs because they had access to them.

But here, Walker alleges that Hill prevented him from reading—or even knowing about—the operative portion of the deed in lieu of foreclosure. By passing off the relatively nondescript second page as a conventional mortgage document while withholding the crucial first page, a jury could find that Hill diverted Walker from making a prudent investigation. *See Bank of Montreal*, 193 F.3d at 828. And a jury could also find that without access to the critical first page, Walker reasonably relied on Hill's alleged representation that the second page was a conventional mortgage document.

11

2.

There's another reason to vacate the district court's dismissal of Walker's fraud claim. According to the complaint, Walker wasn't presented with the first page of the deed in lieu of foreclosure at the closing, and the page he signed didn't contain any of the relevant terms needed to effect such a conveyance. But Hill then used the fruits of the first misrepresentation to make a second, more damaging misrepresentation: after securing Walker's signature on the second page, Hill's agents added the first page to falsely represent that Walker had executed a deed in lieu of foreclosure. This second misrepresentation could also support Walker's claim.

Walker alleges that Hill and her agents acted intentionally to deprive him of the normal protections provided by the deed of trust and Virginia law governing foreclosures. To that end, when the loan went into default, Hill and her attorney-agents sent letters to Walker threatening to record the purported deed in lieu of foreclosure.

The complaint doesn't claim that Hill ultimately recorded the document or that she successfully deprived Walker of the protections he was entitled to under Virginia law. But Walker was still forced to act to his detriment relying on Hill's misrepresentation. Fearing the imminent loss of his home, he sought legal advice and incurred related expenses. As alleged, a jury could find that Walker's response to the second misrepresentation was reasonable.

The district court doesn't appear to have considered this second misrepresentation. But if we had any doubt that the allegations about the first misrepresentation were

sufficient, we would still vacate and remand because the allegations of the second misrepresentation state a claim for fraud.

## B.

We reject Hill's invitation to affirm the district court on the alternative ground that the complaint fails to satisfy Rule 9(b). Hill's motion to dismiss didn't mention Rule 9(b), and the district court didn't reference the rule by name in its decision. But the court did state that Walker failed to "allege any facts as to the circumstances surrounding his signature on the Deed in Lieu of foreclosure except that 'Hill, through agency, caused [Walker] to sign papers as a condition to making the loan.'" *Walker*, 2021 WL 1062238, at *8. The parties have briefed the 9(b) issue on appeal, and we may affirm the district court's judgment on any ground supported by the record. *Cf. Harrison*, 176 F.3d at 783 n.5. Even so, we find Rule 9(b) is satisfied.

The rule requires Walker to "state with particularity the circumstances constituting fraud," apart from a defendant's mindset, which "may be alleged generally." Fed. R. Civ. P. 9(b). This includes "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison*, 176 F.3d at 784 (cleaned up). Walker met these requirements.

Walker alleges the when, where, what, and why of the first misrepresentation. It took place on March 1, 2019, at the closing. The content was that the second page was a document for a conventional mortgage loan, and the motive was to deprive Walker of the protections he was entitled to under a conventional loan.

13

Whether Walker sufficiently pleaded the "who" is a closer issue. The misrepresentation was allegedly conveyed through the documents Walker was provided at the closing and the "words and course of action" of Hill *or* her agents. J.A. 11 ¶ 27 (Hill acted "either on her own or through agency."). And it's true that a plaintiff can't satisfy Rule 9(b) by lumping together "defendants as a group," without specifying who said what. *U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268, 281 n.9 (4th Cir. 2014) (cleaned up). But the complaint accuses Hill—or, at the very least, individuals whose actions are legally attributable to Hill—of fraud. Count II talks about "Hill's said fraud" against Walker and seeks a judgment only "against Hill." J.A. 13 ¶¶ 32, 34, 35.

While the complaint could have been clearer, the allegations put Hill on notice that Walker is alleging she was responsible for the fraud. *See Harrison*, 176 F.3d at 784 (noting the purpose of Rule 9(b) is to "ensure[] that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of" (cleaned up)).

The complaint also comports with Rule 9(b)'s other purposes. Walker's pleading doesn't frustrate the rule's goal of avoiding frivolous suits, *id.*, nor has Hill argued that the claim is frivolous. And Walker's fraud claim likely won't depend on discovery—rather, it will probably turn on his own testimony (and credibility) about what happened at the closing. *See id.* ("A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts.").

14

Walker also pleaded the facts of the second misrepresentation with sufficient particularity.  The complaint alleges that "Hill, through agency," added the first page, J.A. 12 ¶ 28, and then threatened Walker with recordation of the apparent deed in lieu of foreclosure in letters sent in December 2019 and February 2020.  It specifies that the December letter came from Hill and the February letter came from her agents.  Walker provided the deed in lieu of foreclosure and the February letter as exhibits.  And he alleges that Hill's motive was to deprive him of his home by circumventing the legal protections he was entitled to.  These allegations meet the requirements of Rule 9(b).

## III.

Walker's complaint alleges enough to state a claim for fraud under Virginia law and the allegations also satisfy Rule 9(b).  We therefore vacate the district court's judgment on Count II and remand.

*VACATED AND REMANDED*